FILED

18 OCT 31 PM 4: 11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:    URC      DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>MOHAMMED ABDUL QAYYUM (3),<br>PETR PACAS (4),<br><br>            Defendants. | Case No. __18 CR 4683 GPC__<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 1037(a)(5) and (b)(2)(C) – Electronic Mail Fraud; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982(a)(1) and 1037(c), Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

## Count 1

### Conspiracy (18 U.S.C. § 371)

1.   Beginning at least as early as December 2010 and continuing up to and including at least September 2014, within the Southern District of California and elsewhere, defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, and PETR PACAS did knowingly and willfully conspire with each other, Daniel Dye (charged elsewhere), Vincent Tarney (charged elsewhere) and others to commit offenses against the laws of the United States, to wit, wire fraud in violation of Title 18, United

MKP:nlv(cms):San Diego:10/30/18

States Code, Section 1343, and felony electronic mail fraud in violation of Title 18, United States Code, Section 1037(a)(5) and (b)(2)(C).

MANNER AND MEANS

2. The objects of the conspiracy were to be accomplished, in substance, as follows:

    a. Members of the conspiracy would identify or pay to identify blocks of Internet Protocol (IP) addresses called "netblocks" that were registered to others and appeared to be inactive.

    b. Members of the conspiracy would create and send letters to Internet hosting companies fraudulently stating the letter bearer had been authorized by the registrants of the inactive IP addresses to use the IP addresses.

    c. Members of the conspiracy would use the fraudulently acquired IP addresses to send commercial email ("spam") messages.

OVERT ACTS

3. In furtherance of the conspiracy, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

    a. On or about August 25, 2013, in San Diego, California defendant MOHAMMED ABDUL QAYYUM created a letter which fraudulently purported to authorize the use of a netblock not registered to the conspirators and emailed the letter to defendants MARK MANOOGIAN and JACOB BYCHAK.

    b. On or about January 13, 2014, in San Diego, QAYYUM emailed BYCHAK, MANOOGIAN, and others that he was preparing network connections and would advise when a netblock

2

purchased from a company employing Daniel Dye was ready to send commercial emails.

All in violation of Title 18, United States Code, Section 371.

### Counts 2-5

### Wire Fraud - 18 U.S.C. § 1343

4. Beginning at least as early as December 2010 and continuing up to and including at least September 2014, within the Southern District of California and elsewhere, defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS, having devised a material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did, on the dates set forth below, transmit and cause to be transmitted by means of wire communication in interstate commerce the writings, signs and signals below for purposes of executing the scheme and artifice to defraud.

5. It was a part of the scheme and artifice to defraud that the defendants searched for IP addresses registered to third parties that appeared to be inactive.

6. It was a further part of the scheme and artifice to defraud that the defendants created and sent letters to Internet hosting companies fraudulently making it appear that the registrant of the IP addresses had authorized the defendants' use of the IP addresses.

7. It was a further part of the scheme and artifice to defraud that the defendants used the IP addresses to send commercial email messages knowing they did not obtain control of the IP addresses from the true registrant or the legitimate successor in interest.

8. It was a further part of the scheme and artifice to defraud that the defendants concealed their use of the IP addresses to send

3

"spam" emails by using business names, post office boxes, and email addresses under different names.

| Count | Date | From | To | Description |
|---|---|---|---|---|
| 2 | 11-11-13 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of ECT netblock |
| 3 | 1-9-14 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of Telalink netblock |
| 4 | 2-28-14 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of MooreSolutions netblock |
| 5 | 3-10-14 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of Telalink netblock |

All in violation of Title 18, United States Code, Sections 1343 and 2.

Counts 6-10

Electronic Mail Fraud - 18 U.S.C. § 1037(a)(5)

9.    On or about the dates set forth below, within the Southern District of California, defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS did, in and affecting interstate commerce, knowingly and falsely represent themselves to be the registrant and the legitimate successor in interest to the registrant of 5 and more Internet Protocol addresses, as described below, and intentionally initiate the transmission of multiple commercial electronic mail messages from such addresses, and the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, and 250,000 during any 1-year period:

4

| Count | Date | Block of IP addresses |
|---|---|---|
| 6 | 11-3-13 | 151.192.0.0/16 (SierraSemi) |
| 7 | 11-24-13 | 167.87.0.0/16 (MooreSolutions) |
| 8 | 11-25-13 | 207.152.0.0/18 (Telalink) |
| 9 | 1-25-14 | 168.129.0.0/16 (OpenBusinessSystems) |
| 10 | 1-26-14 | 165.192.0.0/16 (ECT) |

All in violation of Title 18, United States Code, Sections 1037(a)(5) and (b)(2)(C), and Title 18, United States Code, Section 2.

<u>Criminal Forfeiture Allegations</u>

10. The allegations contained in Counts 1 through 10 are realleged herein for purposes of alleging forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 1037(c), and Title 28, United States Code, Section 2461(c).

11. Upon conviction of the offense alleged in Count 1 (conspiracy), pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(1), and 1037(c), and Title 28, United States Code, Section 2461(c), defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS shall forfeit to the United States all rights, title and interest in any and all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as the result of such violation; any property, real and personal, involved in the offense and any property traceable to such property; and any equipment, software or other technology used or intended to be used to commit or to facilitate the commission of the offense.

12. Upon conviction of one or more of the offenses alleged in Counts 2 through 5 (wire fraud), and pursuant to Title 18, United States

Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property, real and personal, which constitutes or is derived from proceeds traceable to the violations.

13. Upon conviction of one or more of the offenses alleged in Counts 6 through 10 (electronic mail fraud), pursuant to Title 18, United States Code, Section 1037(c), defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property constituting or traceable to gross proceeds obtained from such offenses, and any equipment, software, or other technology used or intended to be used to commit or facilitate the commission of such offenses.

14. If any of the above-described forfeitable property, as a result of any act or omission of defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS-

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the amounts

Case 3:18-cr-04683-GPC    Document 1    Filed 10/31/18    PageID.7    Page 7 of 7

described above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(1), and 1037(c), and Title 28, United States Code, Section 2461(c).

DATED:    October 31, 2018.

A TRUE BILL:

_____
Foreperson

ADAM L. BRAVERMAN
United States Attorney

By:    _____
MELANIE K. PIERSON
Assistant U.S. Attorney

7